UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10015-GAO

JONATHAN SILVERSTEIN,
Individually and on behalf of all others similarly situated,
Plaintiff,

v.

ING BANK, fsb,
Defendant.

OPINION AND ORDER
September 21, 2012

O'TOOLE, D.J.

This action arises out of a home mortgage loan issued by the defendant to the plaintiff. The case originated in Middlesex Superior Court and was removed to Federal Court on the motion of the defendant. The plaintiff has moved to remand (dkt. no. 8). The defendant has moved to dismiss (dkt. no. 5). Both motions are addressed herein.

The plaintiff brings this action on his own behalf as well as all those similarly situated for violations of Mass. Gen. Law Ch. 93A, breach of contract, and breach of the implied contract duty of good faith and fair dealing. All three claims arise from the plaintiff's contention that ING's requirement that borrowers purchase insurance that is equal to the outstanding principal on the loan is at odds with a Massachusetts statute which forbids lenders from requiring borrowers to purchase insurance greater than the replacement cost of buildings on property mortgaged in connection with a home loan. Mass. Gen. Laws Ch. 183, § 66 (hereinafter "Section 66").

## I. Motion To Remand

The removal of the case was based on diversity of citizenship, in particular the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The plaintiff moves to remand on the grounds that the amount in controversy is below CAFA's minimum jurisdictional threshold. In the alternative, he argues that this Court should abstain from exercising jurisdiction in this case.

A party seeking removal to federal court based on diversity of citizenship bears the burden of proving by a "reasonable probability" that the amount in controversy meets the jurisdictional minimum. Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 43 (1st Cir. 2009). "[D]etermining whether a case belongs in federal court should be done quickly, without an extensive fact-finding inquiry." Speilman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001). Any doubts in the evidence should be resolved in favor of remand because the court has a "responsibility to police the border of federal jurisdiction." Id. In making its determination the court is guided by those principles.

CAFA requires a jurisdictional minimum of $5,000,000. 28 U.S.C. § 1332(d)(2). The defendant has met its burden in this respect. The plaintiff alleges that he has had to spend $554 more annually to meet ING's insurance requirement than he would under Massachusetts law. ING says it has 3,844 outstanding loans in Massachusetts, all of which are subject to its "nationwide policy" regarding insurance. If each of these putative class members had the same increased costs, the potential stakes in the plaintiff's class action claim for a single year of excess premiums would be $2,129,576. The plaintiff seeks treble damages under § 93A, increasing the amount in controversy to $6,388,728, well over the jurisdictional threshold. See Youtsey v. Avibank Manufacturing, Inc., 734 F. Supp. 2d 230, 238 (D. Mass. 2010) (potential treble damages included in jurisdictional minimum calculation). Moreover, the amount in controversy

has the potential to increase based on class members who have been paying increased premiums for multiple years and by former class members who no longer have outstanding loans with the defendant and are therefore in addition to the 3,844 current borrowers. The defendant has shown that there is a reasonable probability that the amount in controversy in the case will exceed $5,000,000. See Amoche, 556 F.3d at 43.

The plaintiff also asks this court to abstain from exercising jurisdiction over this matter. The plaintiff believes that his complaint "is a matter of particularly local concern," because it centers around state consumer protection provisions and state banking regulations. (Pl.'s Mot. to Remand at 4 (dkt. no. 8).) This argument anticipates the issue raised by the defendant's motion to dismiss. The regulation of federal savings banks is a significant federal concern. See Grant v. Aurora Loan Servs., 736 F. Supp. 2d 1257 (C.D. Cal. 2010); SPGGC, LLC v. Ayotte, 488 F.3d 525 (1st Cir. 2007). Abstention is not advised.

## II. Motion To Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant has moved to dismiss the plaintiff's state law claims on the ground that the plaintiff's claims are preempted by the Federal Homeowners Loan Act ("HOLA"). All three of the plaintiff's claims focus on the defendant's requirement that home loan borrowers must purchase casualty insurance equal to the amount of outstanding principal on the loan from defendant. It is alleged that this requirement is a direct violation of Massachusetts law. ING argues that any state law purporting to limit the amount of insurance a federal savings bank can require is preempted by HOLA. In HOLA, Congress created the Office of Thrift Supervision (OTS) (the Federal Home Loan Bank Board in the original statute) and gave the OTS director plenary authority to regulate and govern

all operations of federal savings and loans associations[1]. Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 145 (1982). OTS regulations state the preemption rule plainly;

> To enhance safety and soundness and to enable federal savings associations to conduct their operations in accordance with best practices (by efficiently delivering low-cost credit to the public free from undue regulatory duplication and burden), OTS hereby occupies the entire field of lending regulation for federal savings associations.

12 C.F.R. 560.2(a).

In determining whether a particular state law is preempted by HOLA, the regulations have created an analytical framework. Dixon v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 336, 354 (D. Mass. 2011); 12 C.F.R. 560.2. First, a court must decide whether the law in question falls within section 560.2(b)'s illustrative list of types of state laws that are definitively preempted. Dixon, 798 F. Supp. 2d at 354. If the law is not of a type appearing in paragraph (b) of section 560.2, the court must analyze whether the law "affects lending." Id. If so, then it presumptively is preempted, rebuttable only if the law clearly is shown to fit within the purview of paragraph (c). Id.

In this case, the state law claims presented do not get past the first step in the analysis. Section 560.2(b) definitively preempts any state law purporting to impose requirements regarding, "[t]he ability of a creditor to require or obtain private mortgage insurance, insurance for other collateral, or other credit enhancements." 12 C.F.R. 560.2(b)(2). The claims rest on the common premise that ING acted wrongfully in requiring greater insurance coverage than permitted by Section 66. That statute restricts the amount of insurance the mortgage lender may require, and falls plainly with the scope of section 560.2(b)(2). As applied to a federal savings institution such as ING, it is therefore preempted by HOLA.

[1] In 2011 the OTS became part of the Office of the Comptroller of Currency.

It is true that federal savings and loan institutions are not immune from all state law claims. Plaintiffs are able to bring state common-law claims against federal savings and loans associations if they only have an incidental effect on lending. See Dixon, 798 F. Supp. 2d at 354-60 (promissory estoppel claim not preempted by HOLA). However, the claims depend on a rule established by state statute that would directly regulate mortgage lending. While the plaintiff places common-law labels on his claims, it is clear that the entire basis of his complaint is that the defendant violated state regulatory law. See Dixon, 798 F. Supp. 2d at 356.

Finally, the "business of insurance" exception to preemption created by the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), does not apply. Section 66 does not regulate the "business of insurance"; it is part of a comprehensive statute, chapter 183 of the Massachusetts General Laws, that regulates, as the caption to the chapter has it, the "alienation of land," including the regulation of mortgages.

Because plaintiff's claims depend on an allegation of a violation of Section 66, which is preempted by HOLA, the claims cannot succeed. The Complaint fails to state a claim.

Accordingly, for the reasons set forth above, the plaintiff's Motion to Remand (dkt. no. 8) is DENIED. The defendant's Motion to Dismiss (dkt. no. 5) is GRANTED and the complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge